■ In the Matter of HUGO CORNELIUS, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Decision affirmed, without costs. No opinion. Staley, Jr., J. P., Sweeney, Main and Reynolds, JJ., concur; Cooke, J., dissents and votes to reverse in the following memorandum. Cooke, J. (dissenting). I dissent, on the law, and vote to reverse. Claimant was employed as a licensed practical nurse on the midnight to 8:00 A.M. shift. On September 10, 1973 a patient on claimant's floor was injured when, while under restraint, he toppled his wheelchair. Claimant prepared a written report about the incident. On September 13, 1973 claimant was asked to see the administrator when she came to work at 9:00 A.M., an hour after his shift ended. There was evidence that claimant would not have been compensated for this additional waiting time. He responded that he would be unable to wait as he had a previous appointment for that morning. He was then asked to call the administrator which he did not do, explaining that he was afraid that his remarks would be misinterpreted and that he wanted to have a union representative present when he spoke to the administrator. Claimant's fear was based on a previous conversation with the administrator as a result of which he was dismissed for insubordination; following arbitration, he was ordered reinstated. Claimant, however, did write a letter to the administrator explaining that he had already submitted his report and discussed the case with the Director of Nursing Services and did not see the purpose of further discussion. On September 21, 1973

claimant was again asked to see the administrator at 9:00 A.M. and he refused to go to a meeting without a union representative. He was discharged for insubordination on September 24, 1973. The referee awarded claimant unemployment insurance benefits, but on appeal the Unemployment Insurance Appeal Board reversed and held that claimant was disqualified from receiving benefits because he vountarily left his employment without good cause by provoking his discharge. The issue confronting us is whether, in light of the Court of Appeals' decision in *Matter of James* (*Levine*) (34 N Y 2d 491), the board's conclusion that claimant provoked his discharge can be sustained upon this record. In that case, the court said (p. 496): "There is no question that 'valid cause' for discharge must rise to the level of misconduct before an employee becomes ineligible to receive benefits. This, the Division's regulations unequivocally expressed, in classifying, among other things inefficiency, negligence, and bad judgment, as valid causes for discharge and which do not render the employee ineligible". There misconduct was found in the actions of claimant James who, *after being warned* that she would be discharged after frequently reporting to work under the influence of alcohol, repeated the infraction. Most analogous to the situation at hand is the case of claimant Morrison, a social worker, who refused to give a satisfactory explanation to her supervisor for the disposition of a particular case. When called to the director's office in the presence of her supervisor, sensing a confrontation, she left the office although *she had been warned* her leaving would be considered an act of insubordination. The referee and board found that her subsequent discharge had been provoked. In rejecting that finding the court pointed out (p. 498) that "this claim demonstrates best the misuse of the provoked discharge doctrine and the dangers of misuse." However, the court found her behavior to constitute misconduct and affirmed the finding of ineligibility. Turning to the facts of the instant case and mindful of the Court of Appeals' admonition (p. 498) that "causes for discharge which do not attain the level of misconduct may not be used to render claimants ineligible for benefits", as a matter of law, it cannot be said on this record that claimant was guilty of misconduct. In view of his previously turbulent relationship with the administrator, his desire to have the union representative present at any meeting with her is understandable. There is no basis to hold that claimant's actions constituted misconduct where the meeting which he refused to attend was to be held after his working hours. The situation would be quite different had the meeting been scheduled during his working hours or had he been offered compensation for a reasonable waiting period. Furthermore, the case for a finding of misconduct is weakened by the absence of any prior warning to him that his failure to attend an employment-related meeting on his own time would be considered cause for discharge. At worst, claimant's conduct amounted to bad judgment which does not render him ineligible to receive benefits (p. 496).